IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RESHINA HAMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:10cv910-WKW |
| ) | |
| MAGNOLIA HAVEN NURSING HOME, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Reshina Hampton, proceeding *pro se*, brings this Title VII action claiming that her previous employer, defendant Magnolia Haven Nursing Home, discriminated against her on the basis of her sex (pregnancy) when it laid her off on August 4, 2009. This action is presently before the court on the motion to dismiss filed by defendant on November 23, 2010 (Doc. # 7). Defendant contends that it is entitled to dismissal of plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff has failed to allege facts sufficient to state a claim for relief. By order entered on November 30, 2010, the court allowed plaintiff until December 28, 2010 to respond to the motion, but plaintiff has filed no response.

**DISCUSSION**

Plaintiff's complaint consists of a fill-in-the-blank form which the court makes available for use by litigants,[1] a copy of a "Notice of Right to Sue issued by the EEOC on

---

[1] See http://www.almd.uscourts.gov/forms/EEOC_Instruction_and_Complaint.pdf

July 30, 2010, and a copy of what appears to be the first page of plaintiff's EEOC charge.[2] (Doc. # 1). In paragraph 4 of the complaint, regarding "[t]he acts complained of in this suit[,]" plaintiff has written "Pregnancy Discrimination." In paragraph 7, which asks for the name and other information regarding the individual who discriminated against the plaintiff, plaintiff has written her own name. Paragraph 9 of the form begins with the language, "The nature of my complaint, i.e., the manner in which the individual(s) named above discriminated against me in terms of the conditions of my employment, is as follows:" and concludes with thirteen blank lines; on the first of these lines, plaintiff has written "Pregnancy Discrimination." (Complaint, ¶¶ 4,7,9). She states that the alleged discrimination took place at "Magnolia Haven Nursing Home" on or about "August 4th, 2009," that she "was laid off[,]" and that defendant's conduct was discriminatory with respect to her "sex." (Id., ¶¶ 5, 8, 10).

To overcome defendant's Rule 12(b)(6) motion, plaintiff's complaint must include "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the

---

[2] The Charge filed with the complaint is dated but unsigned, and it does not bear an EEOC charge number. It references a "following page," on which the "particulars" of the charge were to be described, but plaintiff did not file any additional page with her complaint. The attachments to the complaint include no additional allegations of fact regarding plaintiff's claim. See Complaint, Attachment 1.

elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(citing Twombly, 550 U.S. at 555). Although she is not required to allege facts in support of all of the elements of a "classic McDonnell Douglas *prima facie* case" of pregnancy discrimination, plaintiff's factual allegations – taken as true – must suggest intentional discrimination on the basis of her pregnancy. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008)(citing Twombly, 550 U.S. at 555 and Swerkiewicz, 530 U.S. at 511). This pleading requirement is not onerous; plaintiff is required to plead "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Plaintiff's complaint provides no factual context for the adverse employment decision she challenges in this court. She does not allege that she was pregnant at or near the time of the employment action. Even if she had made such an allegation, she also does not allege who made the decision that she should be "laid off," or suggest that anyone making or influencing that decision knew or suspected that she was pregnant. While she draws a legal conclusion that defendant has engaged in "pregnancy discrimination," plaintiff's complaint – construed liberally – includes no facts suggesting that she was treated differently from other employees because of her pregnancy. Plaintiff's factual allegations are not sufficient to "nudge[] [her] claim across the line from conceivable to plausible" (id.) and, accordingly, defendant's Rule 12(b)(6) motion to dismiss is due to be granted. See Ward v. Alabama Dept. of Conservation and Natural Resources, 2010 WL 5014343 (M.D. Ala. Dec. 3, 2010)(conclusory allegations of racial discrimination insufficient to sustain a Section

1983/1981 failure-to-hire claim against an individual-capacity defendant, where plaintiff's only factual allegation as to this defendant was that he "gave final approval" on the challenged offers of employment); Kirkland v. Rauch, 2009 WL 455652 (M.D. Ala. Feb. 23, 2009). As defendant argues, plaintiff's complaint amounts to "nothing 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation'" which is insufficient to overcome defendant's 12(b)(6) motion. (Defendant's brief, p. 4)(quoting Iqbal, 129 S.Ct. at 1949).

**CONCLUSION**

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that: (1) defendant's motion to dismiss be GRANTED, and that plaintiff's claim be DISMISSED without prejudice; and (2) in view of the Title VII statute of limitations and plaintiff's *pro se* status, that plaintiff be allowed leave to amend her complaint, within a specified period of time, to include factual allegations in support of her claim of pregnancy discrimination.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before February 2, 2011. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 19th day of January, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE